PER CURIAM.
The claimant was employed by Munchies Caterers, Inc. in July of 1977 and, in September of that year, began experiencing pain in her shoulder which increased in severity through January 22, 1978, the last day of her employment. She was initially treated unsuccessfully by a chiropractor and, on June 22, 1978, examined by an orthopedic surgeon who subsequently determined that the cause of her distress was a torn rotator cuff. The doctor opined that the injury occurred under the following circumstances:
Q (By Mr. Kelley) What was the specific history that you elicited as to the onset of any type of pain?
A (By Dr. Rosenbaum) She said her pain began in January.
Q And what specifically did she describe as brings on this pain, if anything?
A Lifting cartons and going into freezer with heavy objects.
*DCCCXXIX Q So from that, wasn’t one particular event — was it one particular event?
A No, I don’t have a specific point where she suddenly felt the rip occur in her shoulder, but it was apparently a slow process of separating the fibers slowly and reaching a point where the tear — it’s like a feather that broke the camel’s back. It reaches a point where the tissues will sustain that much stress, and when it sustains so much stress, it tears.
Q So there is continued stress over some time.
A Yes. Since January, she said she had been having recurrent problems with it.
When asked whether she had experienced a sudden or unexpected pain in her shoulder while working for the instant employer, the claimant answered: “No. It just got progressively worse.” She further testified that two days after leaving her employment the pain became unbearable. The deputy commissioner concluded from the above facts that the claimant did not sustain a compensable accident as defined and contemplated by workmen’s compensation statutes in that there was no unexpected or unusual event or result happening suddenly. We disagree and reverse.
In Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962), the Supreme Court of Florida held:
It is therefore settled beyond question in this state that an internal failure, such as a strained muscle, ruptured disc, ‘snapped’ knee-cap, and the like, brought about by exertion in the performance of the regular or usual duties of the employment, may be found to be an injury ‘by accident,’ without the necessity of showing that such injury was preceded by some incident, such as a slip, fall or blow.
We are not persuaded that this maxim should be rendered inoperable by the fact that the claimant is unable to pinpoint the exact time when the rotator cuff tear occurred. Dr. Rosenbaum testified that such preciseness is impossible in this instance, but it is within the realm of medical probability that the initial injury occurred in January, 1978 when the claimant first began noticing increasingly severe pain and inability to move her shoulder. In light of such testimony by the treating physician, the judge’s conclusion that there was no unexpected or unusual event or result happening suddenly is not supported by the record. The claimant has affirmatively demonstrated that within the realm of medical probability he sustained a rotator cuff tear in January of 1978, thus satisfying the statutory requirement that there be an unexpected or unusual event or result happening suddenly. Victor Wine & Liquor, Inc. v. Beasley, supra.
Reversed and remanded for determination of the attendant relevant issues.
LARRY G. SMITH, Acting C. J., and SHAW and WENTWORTH, JJ., concur.